CAREY *et al. v.* MILLER *et al.*[1]

(*Circuit Court, E. D. New York.* March 6, 1888.)

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—INJUNCTION—PREVIOUS ADJUDICATIONS.

Where a patent, involving the subjection of steel springs to heat, had been before the courts, and had been sustained to the extent of covering such process "when the springs are kept below red heat," *held,* in this suit, on application for preliminary injunction, that the patent would be presumed valid only to the extent expressly covered by the decisions referred to.

2. SAME.

As upon the preliminary affidavits it appeared that defendants, in the process used by them, heated the springs above this limit, *held,* that the application for preliminary injunction should be denied, with leave to renew should complainants be able to produce such further evidence of defendants' process of manufacture as to indicate that complainants' patent was infringed.

In Equity. On application for preliminary injunction.

*Duncan, Curtis & Page,* for complainants.

*Philip J. O'Reilly,* for defendants.

LACOMBE, J. This is an application for a preliminary injunction to restrain the defendants from making and selling spiral wire springs, which, in the process of manufacture, are subjected to heat, after the wire is wound into a spiral form, with the effect of restoring to the wire the strength and elasticity lost in winding,—and from in any way practicing the invention described and claimed in letters patent No. 116,266, granted to Alanson Carey, on June 27, 1871. The claim of the patent is for "the method of tempering furniture or other coiled wire springs, substantially as hereinbefore described." The process set forth in the specification consists in the subjecting of the springs to a degree of heat known as "spring temper heat, which is about six hundred degrees, more or less," for about eight minutes. The patent has been several times before the courts, (*Cary v. Wolff,* 24 Fed. Rep. 139, 141; *Cary v.*

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

*Spring-Bed Co.*, 27 Fed. Rep. 299, 31 Fed. Rep. 344,) and has been sustained to the extent of covering such process, "when the springs are kept below red heat." It may be that the patent is sufficiently broad to cover any degree of heat whatever; but that has not as yet been held by the courts which have had it under consideration, and therefore, upon application for preliminary injunction, the patent will be presumed valid only to the extent expressly covered by the decisions referred to.   Upon the case as it now stands the weight of evidence indicates that the defendants, in the process used by them, heat the springs above this limit. It may be that the defendant's affidavits are disingenuous, and that when the later details of their process, now so briefly described, shall be set forth, it will appear that they do infringe the patent even when given the limited construction which would confine it to a heating not above red heat.   This motion, however, can only be decided upon the papers before the court, and giving due weight to the sworn statements presented by both sides.

The motion, therefore, is denied, with leave to renew should the complainant hereafter be able to produce such further evidence as to the defendant's process of manufacture as will indicate that the claim of the patent is infringed by them.